IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VERA M. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-04-1268-HE |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner, Social Security, | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Vera M. Jackson instituted this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the defendant Commissioner's final decision denying her applications for disability insurance benefits and supplemental security income payments under the Social Security Act. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Bana Roberts, who issued her Report and Recommendation recommending that the Commissioner's decision be affirmed.

The plaintiff filed claims for benefits and payments in October, 2002, and, when they were denied initially and on reconsideration, she requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which the plaintiff and a vocational expert testified, the ALJ concluded the plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied the plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

The plaintiff has filed an objection to the Report and Recommendation, claiming the

magistrate judge did not adequately consider her argument that the ALJ improperly disregarded the opinions of her treating physician and, consequently, in making his residual functional capacity ("RFC") assessment, failed to consider all her limitations.[1] She also asserts that the ALJ erred in his credibility analysis.

Having considered the plaintiff's objections and conducted a de novo review, the court concurs with and adopts Magistrate Judge Robert's thorough Report and Recommendation. Accordingly, the Commissioner's decision is **AFFIRMED**.

IT IS SO ORDERED this 2ND day of September, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *In her objection the plaintiff also "adopts and realleges all assertions as contained in her brief filed herein in support of reversing and remanding the administrative law judge's decision." Plaintiff's objection, p. 1. This general incorporation of prior arguments is ineffective to preserve any issues for de novo review. See 28 U.S.C. § 636(b)(1)(C); Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) ("'[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for... appellate review.'") (quoting United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir.1996)). Similarly insufficient are her statements that the ALJ's "decision is not supported by substantial evidence" and the ALJ "failed to follow the correct legal standard." Id. at 375-76.*

2